IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

TODD JACOBS, :

       Plaintiff, : Case No. 3:22-CV-00324

vs. : JUDGE WALTER H. RICE

MARTIN J. O'MALLEY,
Commissioner of the
Social Security Administration :

       Defendant. :

---

DECISION AND ENTRY ADOPTING REPORT AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE (DOC. #11); OBJECTIONS OF PLAINTIFF TODD JACOBS TO SAID JUDICIAL FILING (DOC. #12) ARE OVERRULED; JUDGMENT TO ENTER IN FAVOR OF DEFENDANT AND AGAINST PLAINTIFF; TERMINATION ENTRY

---

On July 23, 2021, Plaintiff, Todd Jacobs ("Jacobs"), through counsel, filed an application for Social Security Benefits. *See* Doc. #7-5; Doc. #7-6 at PageID #239. Following a denial of said benefits in December of 2021, Doc. #7-3 at PageID ##93–94, and again upon reconsideration in February of 2022, *id.* at PageID ##103–04, Jacobs requested a review by an administrative law judge on March 10, 2022. Doc. #7-4 at PageID ##123–24. Administrative Law Judge Kevin Barnes (the "ALJ") held a telephone hearing on June 23, 2022, and testimony was heard from Jacobs—who appeared with counsel—and a vocational expert. *See*

Doc. #7-2. The ALJ issued an order on August 22, 2022, finding that Jacobs was not disabled under the Social Security Act. Doc. #7-2 at PageID ##32–59. Jacobs then sought review by the Appeals Council, which denied his request and adopted the ALJ's decision on October 19, 2022. *Id.* at PageID #19. Thereafter, Jacobs filed suit pursuant to 42 U.S.C. § 405(g) in order to review the decision of Defendant, Kilolo Kijakazi, Acting Commissioner of the Social Security Administration ("Commissioner"), denying him disability benefits.

On October 6, 2023, Magistrate Judge Elizabeth P. Deavers filed a Report and Recommendations ("R&R"), Doc. #11, recommending that Jacobs's Statement of Errors, Doc. #8, be overruled and the Commissioner's decision be affirmed. Doc. #11 at PageID #1232.

Jacobs has filed objections to the Magistrate Judge's filing, Doc. #12, asserting that the ALJ committed reversible error when he (1) failed to both find severe mental health impairment and include mental health limitations in the RFC finding; *id.* at PageID #1235; and (2) failed to properly evaluate the mental health findings of the three relevant examiners. *Id.* at PageID 1238. Defendant filed a response to Jacobs's objections, Doc. #13, asserting that all of Jacobs's objections are merely "reiterat[ions of] the very same arguments already made in his[ ]Statement of Errors" without addressing new evidence or caselaw. *Id.* at PageID #1242.

Based upon the reasoning and citations of authority set forth in the Magistrate Judge's R&R, Doc. #11, as well as upon a thorough *de novo* review of

2

this Court's file, including the Certified Administrative Record, Doc. #7, and a thorough review of the applicable law, this Court ADOPTS the Report and Recommendations and OVERRULES the Plaintiff's Objections, Doc. #12, to said judicial filing.

## I. Legal Standard

In reviewing the Commissioner's decision, the District Court's task is to determine whether the ALJ used the correct legal criteria and whether the non-disability finding is supported by "substantial evidence." 42 U.S.C. § 405(g); *Bowen v Comm'r of Soc. Sec.*, 478 F.3d 742, 745-46 (6th Cir. 2007). Under 28 U.S.C. § 636(b)(1)(C), this Court is required to make a *de novo* review of those portions of the Report and Recommendations to which proper objections are made. The Court must re-examine all the relevant evidence previously reviewed by the Magistrate Judge to determine whether the Commissioner's findings are supported by substantial evidence. *Valley v. Comm'r of Soc. Sec.*, 427 F.3d 388, 390 (6th Cir. 2005). In making this determination, "we review the evidence in the record taken as a whole." *Wilcox v. Sullivan*, 917 F.2d 272, 276-77 (6th Cir. 1980) (citing *Allen v. Califano*, 613 F.2d 139, 145 (6th Cir. 1980)).

The Commissioner's findings must be affirmed if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)). The Court "may not try the case *de novo* nor resolve conflicts in evidence nor decide questions of credibility."

3

*Jordan v. Comm'r of Soc. Sec.*, 548 F.3d 417, 422 (6th Cir. 2008) (quoting *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984)).

"The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion." *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Rather, if the Commissioner's decision "is supported by substantial evidence, then we must affirm the [Commissioner's] decision[,] even though as triers of fact we might have arrived at a different result." *Elkins v. Sec'y of Health and Human Servs.*, 658 F.2d 437, 439 (6th Cir. 1981) (citing *Moore v. Califano*, 633 F.3d 727, 729 (6th Cir. 1980)).

## II. Analysis

The Magistrate Judge's R&R, Doc. #11, sufficiently addresses the points of error raised by Jacobs, Doc. #8, and Jacobs's objections to the R&R, Doc. #12, fail to demonstrate why the Court should reach a contrary decision. The Court will briefly address the issues and caselaw that Jacobs offers as the basis for returning the matter to the ALJ for further review.

The crux of Jacobs's Statement of Errors and subsequent Objection to the R&R is the ALJ's finding that Jacobs did not have a severe mental health impairment. *See* Doc. #8 at PageID #1170–74; Doc. #11 at PageID #1235–38. However, as the Magistrate Judge observed in the R&R, "[t]his claim inaccurately portrays the ALJ's analysis" because [t]he ALJ discussed [Jacobs]'s impairments, [sic] at great length[.]" Doc. #11, PageID ##1217–22 (quoting Doc. #7-2, PageID

4

#38–41). Additionally, as recognized by the Magistrate Judge, it is not reversible error if an ALJ "determines that one or more impairments [are] severe . . . and proceeds with the sequential process . . . [without] find[ing] additional severe impairments at step two." Doc. #11 at PageID #1224. This comports with 6th Circuit caselaw:

> According to the regulations, upon determining that a claimant has one severe impairment, the Secretary must continue with the remaining steps in his disability evaluation . . . . In the instant case, the Secretary found that [the claimant] suffered from [a] severe impairment. . . . Accordingly, the Secretary continued with the remaining steps in his disability determination. Since the Secretary properly could consider claimant's [disputed] condition in determining whether claimant retained sufficient residual functional capacity to allow him to perform substantial gainful activity, the Secretary's failure to find that claimant's [disputed] condition constituted a severe impairment could not constitute reversible error.

*Maziarz v. Secretary of Health & Human Servs.*, 837 F.2d 240, 244 (6th Cir. 1987). Jacobs's further attempts to argue against the findings of the ALJ and the R&R of the Magistrate Judge are also unavailing.[1]

Jacobs's second objection is equally without merit. First, he contends that the Magistrate Judge erred at law when "recommend[ing] that[,] even if the ALJ committed an articulation error with respect to the supportability factor[ analysis], it is harmless." Doc. #12 at PageID #1238. While Jacobs cites caselaw requiring

---

[1] Jacobs offers *Bjornson v. Astrue*, 671 F.3d 640, 647 (7th Cir. 2012), for the premise that the ALJ erred when using statements regarding his daily living tasks to assess his PTSD and other mental conditions as nonsevere. Doc. #12 at PageID #1236. However, the 6th Circuit has already observed that *Bjornson*, while persuasive, does not prevent or "prohibit the ALJ from assessing . . . activities [such as taking care of oneself, household tasks, and hobbies] in determining the claimant's credibility regarding pain and other limitations." *Sorrell v. Comm'r of Soc. Sec.*, 656 F. App'x 162, 174 n.12 (6th Cir. 2016) (quoting 20 C.F.R. § 404.1572(c)).

reversal when ALJs commit an error of law, he never coherently states what that legal error was. *See id.* Instead, he returns to disputing the ALJ's factual findings regarding his PTSD, while cloaking his disputation as an attack on the legal sufficiency of the R&R and the ALJ's analysis. *Id.* at PageID ##1238-40.

Contrary to Jacobs's claim that "[t]he R&R recommends that the ALJ properly interpreted [Dr. Griffith's opinions] to mean that *Jacobs has no mental health limitation whatsoever*," *id.* at PageID #1240 (emphasis added), this blind assertion is neither supported by a citation to the record, nor is it an accurate summation of the ALJ's findings. On the contrary, after extensive analysis comparing Jacobs's medical records, testimony, and the opinions of the three experts, the ALJ's explicit finding was that his "medically determinable mental impairments cause no more than 'mild' limitation in any of the functional areas *and* the evidence does not otherwise indicate that there is more than a minimal limitation in [Jacobs's] ability to do basic work activities, [thus] it is nonsevere (20 CFR 404.1520a(d)(1))." Doc. #7-2 at PageID #41 (emphasis in original). This was recognized by the Magistrate Judge in the R&R. Doc. #11 at PageID #1231 ("the ALJ's conclusions of no more than mild limitations in these [mental] functional areas paralleled Dr Griffiths' findings."). A finding that a condition is nonsevere is not the same as finding "no . . . limitation whatsoever," and the R&R sufficiently addresses the legal sufficiency of the ALJ's findings.

6

Accordingly, the Court ADOPTS the Report and Recommendations of the Magistrate Judge, Doc. #11, and OVERRULES Plaintiff's Objections, Doc. #12, thereto. The Commissioner's non-disability finding is AFFIRMED, and judgement will be entered in favor of Defendant and against the Plaintiff.

The captioned case is hereby ordered administratively processed and thus terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

February 26, 2024

WALTER H. RICE, JUDGE
UNITED STATES DISTRICT COURT

Copies to:
Counsel of record